# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WATSON, ) | |
| ) | Civil Action No. 12 – 35J |
| Plaintiff, ) | |
| ) | Judge Kim Gibson |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| GERALD L. ROZUM, *et al*., ) | |
| ) | ECF Nos. 32, 37 |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION**

For the following reasons, it is respectfully recommended that the Motion for Summary Judgment filed by Defendants Dupont, Simosko, Snyder and Coutts (ECF No. 32) be granted and that Plaintiff's Motion for Summary Judgment (ECF No. 37) be denied.

**II.** **REPORT**

Joseph Watson ("Plaintiff") is a Pennsylvania state prisoner currently incarcerated at the State Correctional Institution at Somerset. He initiated this action on February 15, 2012, pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983. *See* ECF No. 1. Plaintiff's Complaint and Supplement thereto were docketed on February 17, 2012. (ECF Nos. 3, 5).

Defendants moved to dismiss Plaintiff's claims by motion filed on May 10, 2010. (ECF No. 21.) The undersigned then issued a Report and Recommendation, recommending that all claims be dismissed with prejudice with the exception of Plaintiff's retaliation claims against

1

Defendants Dupont, Simosko, Snyder and Coutts. (ECF No. 24.) The Court adopted the Report and Recommendation in full and Plaintiff's claims were dismissed on November 29, 2012. (ECF No. 25.)

Defendants Dupont, Simosko, Snyder and Coutts have filed a Motion for Summary Judgment (ECF No. 32), which is now pending before the Court. In response, Plaintiff has also filed a Motion for Summary Judgment. (ECF No. 37.) For the following reasons, Defendants' Motion should be granted and Plaintiff's Motion should be denied.

### A. Factual Background

A general search of Plaintiff's pod, which included his cell, was conducted on December 6, 2011. *See* ECF No. 35-4. A radio belonging to Plaintiff was discovered in his cell, which had a loose antenna secured to it with tape. *See* ECF No. 35-1; No. 35-4. According to Plaintiff, the antenna had come loose during a prison transfer so he put tape on it to hold it in place. *See* ECF No. 5 at ¶ 14.

Plaintiff maintains that Officer Kline, the officer who searched his cell, broke the top portion of the radio's antenna during the search. *See* ECF No. 5 at ¶ 13. The radio was confiscated and declared as contraband pursuant to DOC policy DC-ADM 815, Section 3. *See* ECF No. 35-1; No. 35-4. DOC policy defines contraband as "any item possessed by an inmate or found within the facility that is prohibited by law or expressly prohibited by those legally charged with the administration and operations of the facility or program. Additionally, any item altered from its original state (state issued or personal) may be considered contraband." DC-ADM, Section 3.[1] Officer Kline issued Plaintiff a Confiscation Items Receipt, which Plaintiff refused to sign, indicating that he attempted to fix the broken antenna. *See* ECF No. 35-1.

---

[1] Available in full at: http://www.cor.state.pa.us/portal/server.pt/community/doc_policies/20643.

Plaintiff claims that, following the search, he had a verbal confrontation with Defendant Simosko, the Captain overseeing the searches, because Officer Kline denied breaking the radio's antenna. *See* ECF No. 5 at ¶ 16. Plaintiff then requested and was denied a grievance form by Defendant Simosko, in order to complain about Officer Kline breaking the antenna. Id. He was subsequently issued a misconduct by Defendant Coutts at the direction of Defendant Simosko. *See* ECF No. 35-4. The misconduct was approved by Defendant Snyder and charged Plaintiff with "Destroying, Altering, Tampering with, or Damaging Property." Id. Plaintiff, however, maintains that he was issued the misconduct out of retaliation for requesting a grievance form and for a prior lawsuit that he had filed against Defendant Snyder in 2008. *See* ECF No. 5 at ¶ 20. Nevertheless, Plaintiff was able to file the grievance later that day. *See* ECF No. 35-3. The grievance was denied and the denial was upheld on appeal. Id.

Plaintiff's disciplinary hearing was held on December 8, 2011. *See* ECF No. 35-4. Defendant Dupont presided over the hearing as the hearing examiner and found Plaintiff guilty of the charged offense. Id. Plaintiff was thereafter sanctioned with the confiscation of his radio. Id. Plaintiff claims that Defendant Dupont found him guilty because of a lawsuit he filed against him in 2009. *See* ECF No. 5 at ¶ 17.

**B. Standard**

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the record indicates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element to that party's case and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The moving party bears the initial burden of identifying evidence or the lack thereof that demonstrates the absence of a genuine issue of material fact. National State Bank v. Federal Reserve Bank of New York, 979 F.2d 1579, 1582 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990) (*quoting* Anderson, 477 U.S. at 251-52).

If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50. Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. *See* Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990).

## C. Discussion

Defendants move for summary judgment on Plaintiff's remaining claims involving retaliation in relation to his misconduct. It is well settled that retaliation for the exercise of a constitutionally protected activity is itself a violation of rights secured by the Constitution, which is actionable under section 1983. Rauser v. Horn, 341 F.3d 330 (3d Cir. 2001); White v.

4

Napoleon, 897 F.2d 103, 112 (3d Cir. 1990). However, merely alleging the fact of retaliation is insufficient; in order to prevail on a retaliation claim, a plaintiff must show three things: (1) that the conduct in which he engaged was constitutionally protected; (2) that he suffered "adverse action"[2] at the hands of prison officials; and (3) that his constitutionally protected conduct was a substantial motivating factor in the defendants' conduct.[3] Rauser, 241 F.3d at 333 (adopting Mount Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). Once all three criteria are met, the burden then shifts to the defendants "to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity." Rauser, 241 F.3d at 333. This means that "prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334 (incorporating Turner v. Safley, 482 U.S. 78, 89 (1987)).

Plaintiff claims that the misconduct was issued in retaliation for requesting to file a grievance against Officer Kline and for a lawsuit that he filed against Defendant Snyder in 2008. He also claims that he was found guilty of the misconduct in retaliation for a lawsuit he filed against Defendant Dupont in 2009. First, Defendants argue that requesting to file a grievance is not a constitutionally protected activity for purposes of a retaliation claim. They analogize a "request" to file a grievance to a "threat" to file a grievance and maintain that the case law is clear that no such threat is protected activity. Instead, the protected activity is the actual filing of

---

[2] An adverse action is one "sufficient to deter a person of ordinary firmness from exercising his rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

[3] The crucial third element, causation, requires a plaintiff to prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. See Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007); Krouse v. American Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir. 1997)).

the grievance; it is not the intent to, or threat of, engaging in that speech. They further argue that the misconduct alleged in this case cannot stem from Plaintiff's actual grievance, which he filed later that day because the misconduct was issued prior to the filing of that grievance.

Defendants cite to Griffin v. Beard, Civ. No. 06-2719, 2013 WL 228090 (E.D. Pa. Jan 22, 2013), and Stewart v. Varano, Civ. No. 1:10-CV-1701, 2011 WL 3585409 (M.D. Pa. Aug. 15, 2011), in support of their argument. The plaintiff in Griffin threatened prison guards with a complaint if they persisted with an ongoing search of his cell and seizure of his personal legal materials. Griffin, at *8. The plaintiff argued that his threat to file a complaint was protected by the First Amendment and that defendants retaliated against him by continuing the search. Id. The Eastern District ruled that the plaintiff's threat did not satisfy the first element of a retaliation claim. Id. Likewise, the Middle District held that the plaintiff in Stewart did not engage in protected conduct when he threatened to file a grievance against a prison guard who would not permit him to use the bathroom until the inmate count was complete. Stewart, at *1.

In the instant case, Plaintiff's conduct can be readily distinguishable from the conduct at issue in Griffin and Stewart. Here, Plaintiff intended to invoke the grievance process. He followed prison procedure by requesting a grievance form from staff so that he could properly grieve the fact that Officer Kline broke his radio's antenna. By threatening to file a grievance, the plaintiff in Griffin merely intended to obstruct the search of his cell and the plaintiff in Stewart wanted the guard to let him use the restroom. Plaintiff's conduct here was intended to grieve an incident that had already occurred.

Nevertheless, the undersigned will not go so far as to say Plaintiff's request to file a grievance was a constitutionally protected activity for purposes of a retaliation claim. This issue, however, along with the second and third elements of a retaliation claim, is not dispositive to the

6

outcome of this case because Defendants have shown that they would have issued and found Plaintiff guilty of the misconduct even absent any protected activity.[4] [5]

Plaintiff testified in his deposition that Defendants told him he received the misconduct because he gave them a "hard time" when he requested a grievance form instead of simply leaving the situation alone. *See* ECF No. 35-2 at 32. Even if Plaintiff were able to prove that this is correct, it is quite clear from the record that Defendants Simosko and Coutts would have issued Plaintiff the misconduct regardless of his insistent request for a grievance form. Moreover, it is equally as clear that Defendant Snyder would have approved the misconduct and Defendant Depont would have found Plaintiff guilty of the misconduct despite previous lawsuits Plaintiff had filed against them simply because of the fact that the radio was indeed contraband pursuant to DOC rules and regulations. Plaintiff's radio was altered from its original state because the antenna was broken and Plaintiff attempted to fix it with tape. Despite its somewhat nonsensical application to this situation, Plaintiff's radio clearly constituted contraband as defined by DOC rules and regulations. The Third Circuit has held that courts, "should [] give significant deference to judgments made by prison officials in establishing, interpreting, and applying prison regulations." Fraise v. Terhune, 283 F.3d 506, 515 (3d Cir. 2002). As such, Plaintiff's conclusory allegations about the evidence and applicability of DOC regulations are unavailing.

---

[4] The undersigned notes that Defendants concede that the filing of a lawsuit is constitutionally protected activity for purposes of a retaliation claim. Plaintiff, therefore, has satisfied this first element with regard to his allegations of retaliation for filing lawsuits against Defendants Snyder and Dupont.

[5] It is questionable whether the issuance of a misconduct and confiscation of a radio is a sufficient adverse action to deter a prisoner of ordinary firmness from exercising his constitutional rights. Because Defendants have met their burden of showing that they would have issued and found Plaintiff guilty of the misconduct even absent any protected activity, this second element will not be addressed herein.

The undersigned concludes that, based on the evidence in the record, no reasonable fact finder would conclude that Plaintiff was issued and found guilty of the misconduct in this case in retaliation for requesting a grievance form and for lawsuits he had filed against Defendants Snyder and Dupont. Consequently, Defendants' Motion for Summary Judgment should be granted and Plaintiff's Motion should be denied.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that the Motion for Summary Judgment filed by Defendants Dupont, Simosko, Snyder and Coutts (ECF No. 32) be granted and that Plaintiff's Motion for Summary Judgment (ECF No. 37) be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: July 16, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Joseph Watson
EF-9383
SCI Somerset
11600 Walters Mill Road
Somerset, PA 15510-0001
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*