# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WATSON, | Civil Action No. 12 – 35J |
| Plaintiff, | |
| v. | District Judge Kim R. Gibson |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| GERALD L. ROZUM, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

This action is before the Court on the Report and Recommendation of Chief Magistrate Judge Lenihan issued on July 16, 2013, recommending that Defendants' Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied. The parties were served with the Report and Recommendation and informed that they had until August 2, 2013, to file written objections. Plaintiff filed timely objections on August 1, 2013. Upon review, the Court finds that Plaintiff's objections do not undermine the recommendation of the magistrate judge and the Report and Recommendation will therefore be adopted as the Opinion of the Court. However, the Court will address the following objections.

First, Plaintiff objects on the ground that the magistrate judge cited to the wrong section of the Pennsylvania Department of Corrections policy regarding contraband. Plaintiff is mistaken, the magistrate judge correctly cited to the section that contains the DOC's policy on contraband, which expressly states that "any item altered from its original state (state issued or personal) may be considered contraband." DC-ADM 815, § 3(C)(1). Plaintiff's objection on the

1

basis that the magistrate judge did not cite to the exact *subsection* wherein that definition is located is frivolous and immaterial.

Second, Plaintiff attempts to raise a new claim in his objections; specifically, that Defendants denied him access to the courts because they would not provide him with a grievance form when he requested it on the day he received the misconduct. Plaintiff may not raise a new claim through his objections, but, this objection is without merit because he was provided with a grievance form, albeit later that day, and was able to grieve the incident that is the subject of this lawsuit. Hence, he was not denied access to the courts.

Third, Plaintiff claims that he was not afforded due process in his misconduct hearing because the hearing examiner was not impartial, because his radio was not present at the hearing and because the evidence was not sufficient to sustain his sanction. Plaintiff's due process claims were dismissed on November 29, 2012, and the Court refers Plaintiff to the magistrate judge's previous Report and Recommendation dated October 29, 2012 regarding this objection.

Fourth, Plaintiff claims that the taking of his radio was in violation of the Takings Clause. This claim was also disposed of on November 29, 2012, and the Court again refers Plaintiff to the magistrate judge's previous Report and Recommendation as to why this claim is without merit.

Fifth, Plaintiff has presented many objections based on the fact that Defendants failed to follow their own policy and procedures in numerous respects. This issue, too, was addressed in the magistrate judge's previous Report and Recommendation. Plaintiff may refer to that report for an explanation of why a claim based on prison officials' failure to follow their own internal policies and procedures does not amount to a constitutional violation in and of itself.

Finally, Plaintiff objects on the basis that it was not he who broke his radio's antenna, but instead Officer Kline broke it during the search of Plaintiff's cell. Therefore, he maintains that he should not have been given the misconduct. The fact that Officer Kline may have further broken the antenna, which was already loose, is completely irrelevant to the misconduct Plaintiff received. Plaintiff received the misconduct for possession of contraband because he altered his radio's antenna by securing it to the radio it with tape. This occurred *prior* to the search of his cell and he readily admits to that he did it. This very fact alone is dispositive of the sole remaining claim before the Court; which is whether Plaintiff was issued and found guilty of the misconduct in retaliation for requesting a grievance and for lawsuits he had previously filed (some which are still pending) in this Court. Whether or not Office Kline broke his radio's antenna after Plaintiff had already secured it with tape is completely irrelevant to this issue.

Therefore, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the following order is entered.

AND NOW, this 6th day of August, 2013,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendants Dupont, Simosko, Snyder and Coutts (ECF No. 32) is **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation dated July 16, 2013 (ECF No. 41), as it is supplemented herein, is adopted as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Kim R. Gibson
United States District Judge

cc: **JOSEPH WATSON**
EF-9383
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*